VINCENZO, APPELLANT, *v.* VINCENZO, APPELLEE.

(No. 8-165—Decided March 31, 1982.)

*Mr. David A. Schaefer* and *Mr. Martin O. Parks,* for appellant.

*Mr. Robert Turoff,* for appellee.

COOK, J. Appellant, Barbara Vincenzo, and appellee, John A. Vincenzo, were divorced on February 21, 1980. Custody of the parties' two minor children was awarded to appellant on the condition that she not move out of northeastern Ohio. The court expressly found "no just reason for delay" in entering judgment, pursuant to Civ. R. 54(B), (issues of support and property division were pending), but the judgment was not appealed. Appellee remarried May 3, 1980 and appellant remarried June 7, 1980.

On June 20, 1980, appellant filed a motion to modify the custody order to permit her to move with the children to Green Bay, Wisconsin, where her new husband was employed. In an affidavit accompanying her motion, appellant stated she would allow the children to visit appellee summers, spring vacations, and alternate Thanksgivings and Christmases at her expense.

On July 7, 1980, appellee filed a motion to modify the custody order, asking that custody be granted to him since the wife was violating the condition of the custody order by planning to move to Wisconsin.

After several hearings, the court held it would be in the best interests of the children to have custody "shared" between the parties and ordered custody to the appellee from August to June of each year and to appellant from June until August. The court reasoned that if the children were moved to Wisconsin it would require them to resettle with a new stepparent and a new school and that appellee was willing to permit "frequent contact" with appellant but that appellant was willing to "cut off frequent contact."

Appellant has timely appealed the judgment of the trial court and filed the following two assignments of error:

"1. The Trial Court erred when it, in effect, granted Defendant-Appellee's Motion to Modify custody as that decision was not in the best interests of the children and there had been virtually no

change in the environment of the mother and children.

"2. The Trial Court's refusal to permit the mother to move out of state with her children was an unconstitutional infringement upon her right to travel."

The first assignment of error is well taken, making it unnecessary to address the second assignment of error.

Courts have discretion in matters of child custody, but they are no longer vested with absolute discretion. "[T]he elements, standards and factors of R.C. 3109.04(B) and (C) have limiting effects upon the judge's discretion." *Ross* v. *Ross* (1980), 64 Ohio St. 2d 203, 208 [18 O.O.3d 414].

"Abuse of discretion" is defined as follows in 5 Ohio Jurisprudence 3d 163-164, Appellate Review, Section 590:

"It is difficult to define exactly what is meant by 'abuse of discretion,' and practically impossible to lay down any general rule as to what it consists of, since it depends upon the facts in each particular case. As the term is ordinarily used, it has been said to imply not merely an error in judgment, but perversity of will, passion, or moral delinquency — that there was an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. The trial court abuses its discretion when it fails or refuses properly to apply the law to conceded or undisputed facts. But whatever the term implies, one of the essentials, in order for the action of the court below to constitute reversible error, is that its action must plainly appear to effect an injustice to one of the parties.

"Before judicial action can be justified on the ground of discretion, the case must, of course, be one calling for the exercise of discretion. But if the matter is of that character, an abuse of discretion is not shown by the mere fact that the trial court has not acted in accordance with the best practice, or that one or more of the judges of the reviewing court would have exercised that discretion differently if sitting as a trial court." (Citations omitted.)

R.C. 3109.04, in part, states:

"(B) The court shall not modify a prior custody decree unless it finds, based on facts which have arisen since the prior decree or which were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian designated by the prior decree, unless one of the following applies:

"(1) The custodian agrees to a change in custody.

"(2) The child, with the consent of the custodian, has been integrated into the family of the person seeking custody.

"(3) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of such change to the child."

In the instant cause, the trial court had no alternative but to overrule appellee's motion for a change of custody. No evidence was presented by appellee as to any of three conditions set forth in R.C. 3109.04(B). There was no evidence appellant agreed to a change of custody; that the children had been integrated into appellee's family with the consent of appellant; or that the children's present environment (or future environment) endangered significantly their physical health or their mental, moral or emotional development.

The court's findings that the children would have to resettle with a new stepparent and enroll in a new school do not meet any one of the three conditions set forth in R.C. 3109.04(B). Moving out of state is not alone a sufficient change of circumstances to allow a court to change custody of the children to an in-state

parent. *Culberson* v. *Culberson* (1978), 60 Ohio App. 2d 304 [14 O.O.3d 265].

We conclude the trial court abused its discretion in modifying the original custody order by changing custody of the children from appellant to a "shared custody."

Although the trial court's original order of custody, conditioning appellant's custody of the children upon her not moving out of northeastern Ohio was not appealed, we are of the opinion overruling her motion to take the children to Wisconsin where her new husband was employed was an abuse of discretion by the trial court. In the absence of any showing of a basis for a change of custody, or any detriment to the children by a change of residence, it was unreasonable and arbitrary to deny a custodian the right to leave Ohio to join her husband in another state where he is employed, providing adequate provision is made as to visitation rights for appellee.

In view of the above, it is not necessary to address appellant's constitutional arguments.

Judgment reversed as to both the trial court's modification of the original custody order and denial of permission for appellant to remove the children from Ohio to Green Bay, Wisconsin. The cause is remanded for further proceedings, to wit: setting of appellee's rights of visitation.

*Judgment reversed and cause remanded.*

HOFSTETTER, P.J., and DAHLING, J., concur.