SCHWARTZ, APPELLANT *v.* SCHWARTZ, APPELLEE.

(No. 9-095—Decided December 10, 1982.)

*Mr. David P. Freed* and *Mr. Henry D. Rand,* for appellant.

*Mr. Jack W. Abel* and *Mr. Jonathan Rocker,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Domestic Relations Division, Court of Common Pleas of Lake County, wherein the court denied plaintiff-appellant's motion to remove the minor child from the state of Ohio, established a specific visitation schedule for the defendant-appellee with the child, reduced the support and ordered an immediate extended stay of the child with the defendant. We reverse.

Plaintiff, Judith A. Schwartz, was awarded custody of the minor child pursuant to a divorce decree dated July 17, 1977. Defendant, Richard A. Schwartz, was granted extensive visitation rights and plaintiff was required to live within eighty miles of the marital residence. That condition was removed by this court in *Schwartz* v. *Schwartz,* Lake App. No. 6-179, unreported.

Plaintiff received an offer of employment in Moscow, Idaho with the state university system. She notified defendant by mail of the impending move and sought to work out a suitable visitation schedule. Pursuant with this plan, she applied to the

court for permission to leave the state. This motion was denied by the trial court. That resolution placed her in a position where to keep her custody she would have had to resign her position and return to Lake County. This appeal followed.

The assignments of errors are as follows:

"1. The trial court erred in overruling plaintiff's motion for permission to remove the minor child of the marriage from the State of Ohio to take up residence in the State of Idaho.

"2. The trial court erred in its judgment of February 12, 1982 in placing a condition that the child be returned to the State of Ohio upon the continuing custody of wife.

"3. The trial court erred in its judgment entered on March 25, 1982, in providing for a change of custody of the minor child through the guise of a 'visitation-possession' principle.

"4. The trial court erred in its second judgment entered on March 25, 1982, providing for a specific visitation schedule by providing too great a period of time for the summer visitation by father with his minor son and by providing that the child support be reduced by seventy-five (75%) while the child is with his father during the seventy (70)-day period of summer visitation."

These assignments of error are all with merit.

Assignments of Error Nos. 1, 2 and 3

The judgment of the trial court attempts to reinstate the conditions of the original divorce decree with respect to the maintenance of a particular geographic distance between child and defendant. The defendant has failed to demonstrate that the move of the plaintiff will result in anything other than an increase in travel costs and longer transit time for the participants. This standing alone is not a sufficient basis to restrict her freedom of movement. By placing the mother in basically a "no-win" situation, with respect to custody, the trial court has abused its discretion and violated the guidelines of R.C. 3109.04. The evidence indicates that the emotional and financial well-being of the child is being met in Idaho to the same extent as in Ohio. The primary focus of the courts in custody matters being the "best interest of the child," the action by the court is unsupportable by the evidence in the record. See *Vincenzo* v. *Vincenzo* (1982), 2 Ohio App. 3d 307.

Assignment of Error No. 4

Based upon resolution of the first three assignments of error, the visitation schedule should be returned to the *status quo* imposed by the court while the mother lived in Lake County. The new terms of visitation and change of custody are accordingly reversed.

The judgment of the trial court is accordingly reversed in that plaintiff may remove the child from the state of Ohio to her residence, the visitation-possession order is reversed, the reduction of support is reversed and the increase in visitation as contained in the judgment of March 25, 1982 is reversed.

COOK, J., concurs.

HOFSTETTER, P.J., concurs in judgment only.