## Grigsby v. Nugent

*[Cite as 4 AOA 507]*

*Case No. CA89-10-146*
*Butler County, (12th)*
*Decided June 4, 1990*

*Bressler, Shanks & Gedding, H.J. Bressler, 304 North Second Street, Hamilton, Ohio 45011, for Plaintiff-Appellee.*

*Garretson Law Offices, John A. Garretson, 616 Dayton Street, P.O. Box 1166, Hamilton, Ohio 45012, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon an appeal transcript of the docket, journal entries and original papers from the Butler County Court of common Pleas, Domestic Relations Division, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

Defendant-appellant, Charles A. Nugent, appeals from an order by the Butler County Common Pleas Court denying his motion for a change in custody of his two children. The trial court, after reviewing testimony by the parties and their witness, ultimately affirmed the recommendation of the referee that the children remain in the custody of plaintiff-appellee, Laura L. Nugent Grigsby.

The parties were married in June 1974, which marriage produced two children, Charles or "Casey," born in 1978, and Brian born in 1980. The parties obtained a divorce in 1983, which appellee receiving sole custody of the children. A liberal visitation schedule was adopted, however. For six years, the boys divided their time between the homes of both parents as per the visitation order, apparently with no problems. During this period, appellant remarried and appellee met James Grigsby, whom she married in February 1989.

Upon her remarriage, appellee announced that her new husband would be taking a position as head of corporation in Lincoln, Nebraska, and that it was her intention to move the family to Nebraska. Appellant then instituted an action to change custody from the boy's mother to himself.

After a lengthy hearing, and upon the review of court-ordered psychological profiles of the couples and the children, the referee issued a recommendation that custody remain with appellee. On August 11, 1989 , the trial court adopted this recommendation, finding that appellant failed to meet the statutory criteria outlined as a prerequisite to obtaining a change in custody. The court then granted appellee's motion to move the children to Nebraska and denied appellant's motion for a change in custody. Appellant did, however, receive visitation rights for a six-week period each summer, plus Thanksgiving and spring vacations.

Appellant timely appealed from the order of the trial court, assigning the following as error:

"The trial court's refusal to change custody of the parties' sons was against the manifest

weight of the evidence in that it overlooked the substantial evidence showing the adverse effect on the children of the custodian's plan to move them to Nebraska, the sustaintial evidence showing the children had become integrated into the non-custodian's household and that keeping the children with the custodian will create a substantial risk to their physical health and emotional development."

In order to successfully argue for a change in a prior custody order, appellant had the burden of showing that:

"(1) A change in circumstances occurred;

"(2) modification of custody was necessary to serve the best interests of the children.

Additionally, appellant must show that:

"(3) the children have been integrated into his family;

"(4) custody with appellee created an environment which significantly endangered the children's physical, mental or emotional health; and finally,

"(5) the harm caused by a change of environment would likely be outweighed by the benefits of such change." R.C. 3109.04(B) (1) (a) (b) (c).

Appellant argues that the referee's report, adopted by the trial court, failed to give sufficient weight to evidence presented by him that the children had been integrated into his household despite legal custody being with the appellee, and that the children would be physically and emotionally endangered by remaining in their mother's custody.

Although appellant presented evidence that the children spent an average of several days a week at his house, and that the children felt at home with him, his new wife, and her daughters from a previous marriage, the trial court affirmed the referee's finding that the children saw appellee as the primary caregiver and that the comfort the children experienced at their father's home was the result of an "excellent visitation relationship" rather than from an integration into their father's household. Additionally, it was determined that the move to Nebraska would not significantly endanger the children.

"Moving out of state is not alone a sufficient change of circumstances to allow a court to change custody of the children to an in-state parent." *Vincenzo* v. *Vicenzo* (1982), 2 Ohio App. 3d 307, 308-309; *Culberson* v. *Culberson* (1978), 60 Ohio App. 2d 304, 306. Where the question hinges on whether the facts merit a change in custody, we may only reverse where the trial court's decision is so unreasonable, arbitrary or unconscionable as to constitute an abuse of discretion. *Bechtol* v. *Bechtol* (1990), 49 Ohio St. 3d 21, 23; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219; *Trickey* v. *Trickey* (1952), 158 Ohio St. 9, 13-14. Where the trial court's decision is supported by competent, credible evidence, any factual disputes remain in the hands of the trial court. *Bechtol, supra,* at 23.

Our review of the record in this case convinces us that the trial court's decision to maintain permanent custody with appellee did not constitute an abuse of discretion. First, the trial court could reasonably have found that integration of the children into appellant's home had not occurred, despite evidence presented by appellant that the boys spent sixty percent of their time with appellant. As appellee suggested, and the court agreed, appellee quite liberally permitted visitation. Nevertheless, the boys remained in her care with their primary place of residence in her home.

Second, and perhaps more importantly, the trial court reasonably could have found that custody with appellee did not significantly endanger the children's physical health or their mental, moral or emotional development. Appellant attempted to show that Casey's health had been endangered by appellee's failure to regularly administer medication for a herpetic ailment which could potentially have caused blindness. However, this evidence was controverted by appellee and was never bolstered by medical records or testimony. The referee and trial court were accordingly entitled to give this issue less weight than appellant urges it deserved. The referee and trial court did agree with appellant that permitting the move to Nebraska would be stressful for the children, but based this determination on the fact that the move was an expedition into the unknown for the boys, subject to a period adjustment as are all changes in a children's life. The trial court was within its sound discretion in determining that this sole source of anxiety for the children could not be elevated to the level of a significant danger to their emotional development.

Appellant cites our recent decision in *Strong* v. *Strong* (Sept. 11, 1989), Butler App. No. CA89-02-024, unreported, for the notion that the trial court in a custody case should heed the recommendation of its own expert. Even if the facts in *Strong* were relevant to those in the case *sub judice*, which they are not, we note that the expert in the instant case determined that both parents were capable of providing a good home to

the children, but that a move to Nebraska would cause stress. All other factors being equal, the psychologist concluded that the children should be with their father since this outcome would cause the least amount of upheaval.

The referee disagreed, finding it would be more stressful to separate the children from their mother, the primary caregiver.

Thus, the question came down to whether the custodial parent's move, standing alone, was enough to justify a change in custody. Statutory law and case precedent clearly indicate it is not, and so we must overrule appellant's assignment of error.

The assignment of error properly before this court having been ruled upon as therefore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgement affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.