This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas, Juvenile Division, which denied appellant Bruce J.'s motion for a change of custody of the parties' child Sydney J. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. The court erred by giving the 'change of circumstances' test more importance than the best interest test in considering this case.
 "2. The court abused its descretion [sic] when it found there was no change of circumstance."
The facts that are relevant to the issues raised on appeal are as follows. The parties' minor child Sydney was born on March 7, 1991. At that time, the parties were not married but were cohabitating. On January 4, 1995, appellee Sophia T., Sydney's natural mother, filed a motion for custody of Sydney in which she alleged that appellant had recently moved out with the child and had no permanent place of residence for either himself or the child. On March 27, 1995, the trial court filed a judgment entry in which it stated that the parties had reached agreement with regard to the issues of custody and child support. The trial court stated that it had been advised that the parties had agreed that appellee should have sole custody of Sydney and that appellant should pay child support of $95.08 per week. The trial court found that the parties' agreement was in the best interest of their child and made the agreement an order of the court. On December 27, 1995, however, the trial court filed a "NOTICE OF INTENTION TO DISMISS" in which it stated that it had not been presented with a judgment entry although it had been more than ninety days since the case was reported to the court as settled. On January 12, 1996, appellant filed a "PETITION FOR CUSTODY/REQUEST FOR HEARING" in which he asked the trial court to award him custody of Sydney. Appellant stated that final settlement was impossible at that time because, contrary to earlier representations made to the court, the parties had not been able to satisfactorily resolve their differences. Appellant asked the court to set the matter for trial.
On April 17, 1996, a consent judgment entry was filed on the issues of the allocation of parental rights and responsibilities. Appellee was designated residential parent and legal custodian of Sydney and appellant was granted visitation as agreed between the parties.
On July 16, 1997, appellant filed a motion in which he asked the trial court for: an ex parte temporary restraining order barring appellee from removing Sydney from Ottawa or Sandusky Counties; an order naming him residential parent; in the alternative, an order establishing a shared parenting plan or a modified visitation schedule; and for an order finding appellee in contempt for failing to allow him to claim the tax exemption for Sydney and for denying two weekend visitations. Appellant also filed an affidavit in which he stated that he had been advised by appellee that she intended to move to Kansas and that she had not provided him with a specific address or filed a notice of relocation as required by statute. On August 4, 1997, the trial court filed a judgment entry in which it denied appellant's motion for a restraining order barring appellee from removing Sydney to the state of Kansas. The trial court ordered its long distance travel companionship schedule in effect for as long as the child remained in Kansas. On March 4, 1998, appellee filed a "MOTION FOR SHARED PARENTING" and a proposed shared parenting plan.
The matter came on for hearing on March 31, 1998. On May 21, 1998, the trial court filed a judgment entry in which it denied appellant's motion for a change of custody. The trial court found that the relocation of a custodial parent is not a sufficient change of circumstances to warrant a change in custody pursuant to R.C. 3109.04(E)(1)(a). The trial court reasoned that since there was no change in circumstances the court was not required to determine whether a modification in custody would be in the child's best interest.
Appellant's two assignments of error will be considered together because they are interrelated. In his first assignment of error, appellant asserts that the trial court erred by giving the change of circumstances test more weight than the best interest test. In his second assignment of error, appellant asserts that the trial court abused its discretion by finding that there had been no change of circumstances. Appellee has not filed a brief in response.
In cases involving a change in custody, the law requires the trial court to apply R.C. 3109.04(E)(1)(a), which states that:
 "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent * * *.
 "(ii) The child, with the consent of the residential parent * * *, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." [Emphasis added.]
As to a determination of the best interest of the child, R.C.3109.04(F)(1) directs that the trial court consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding his care;
 "(b) * * * the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments * * *;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 "(i) Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation * * *;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
In reviewing a trial court's custody determination, an appellate court cannot substitute its judgment for that of the trial court, Trickey v. Trickey (1952), 158 Ohio St. 9; Bucklesv. Buckles (1988), 46 Ohio App.3d 102, and may not reverse unless it finds an abuse of discretion by that court. Miller v.Miller (1988), 37 Ohio St.3d 71; Worthington v. Worthington
(1986), 21 Ohio St.3d 73; Trickey, supra. In applying that standard, this court must determine whether the trial court's finding is so contrary to the weight of the evidence that it is unreasonable, arbitrary or unconscionable and, therefore, constitutes an abuse of discretion. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
The trial court in this case stated that "[b]y itself, a change in residence is not sufficient to rise to the level of a change in circumstance so as to warrant a change in custody" and denied appellant's motion. The trial court relied on other Ohio courts that have held that moving out of state is not a sufficient change of circumstance to allow a trial court to modify a custody order. See, e.g., Vincenzo v. Vincenzo (1982),2 Ohio App.3d 307. We find the reasoning used by the trial court and other courts in Ohio to be an oversimplification of the issue. An analysis of whether the move itself constitutes a change of circumstance does not in itself determine whether or not custody should be modified; it is merely the first step in the consideration of a motion to modify custody. If there has been a change in circumstance, the trial court then must consider whether a modification of custody would be in the child's best interest and apply the criteria set forth in R.C.3109.04(F)(1)(a)-(j) and, ultimately, consider whether the harm likely to be caused by a change of environment would be outweighed by the advantages of such a change. R.C.3109.04(E)(1)(a)(iii).
We believe that under the facts of this case the move from Ohio to Kansas constituted a change of circumstance in Sydney's life and that it warranted a careful and thorough examination by the trial court of whether a modification of custody would be in the child's best interest. As to appellant's argument in his first assignment of error that the trial court gave the change of circumstances test "more importance" than the best interest test, we find that to be an understatement as the trial court did not consider the best interests of the child at all. As to appellant's claim under his second assignment of error that the trial court's decision was an abuse of discretion, this court finds based on the foregoing that the trial court's decision that appellee's move to Kansas with Sydney was not a change of circumstance was unreasonable and therefore an abuse of discretion. Accordingly, appellant's first and second assignments of error are well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining. The decision of the Ottawa County Court of Common Pleas, Juvenile Division, is reversed as to the trial court's finding that there was no change of circumstance, and remanded for further consideration of the question of whether a change of custody is in the best interest of the child, in accordance with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE James R. Sherck, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE