[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Timothy Sullivan appeals the trial court's denial of his motion to modify the allocation of parental rights and responsibilities for the care of his three children.
Before a trial court may modify a prior decree allocating parental rights and responsibilities for the care of children, R.C. 3109.04(E)(1)(a) requires a finding of a change in circumstances, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree. See Davis v. Flickinger (1997), 77 Ohio St.3d 415,674 N.E.2d 1159. The change must be a change of substance, not a slight or inconsequential change. Id. at 418,674 N.E.2d at 1162. In determining whether a change in circumstances has occurred so as to warrant a change in custody, the trial court must be given wide latitude to consider all issues relating to such a change, and its decision must not be reversed absent an abuse of discretion. Id.
Loc.R. 2.2(B) of the Hamilton County Court of Common Pleas, Domestic Relations Division, provides the trial court with a procedure to screen motions to reallocate parental rights and responsibilities for those that merit mediation, an investigation, or trial. The rule provides:
B. Contested Changes.
1. Applicable Law. § 3109.04(E)(1)(a)
2. Allocation of Parental Rights and Responsibilities.
When there is no agreement, a Motion to reallocate the parental rights and responsibilities of a child or children will require a Determination Hearing before the assigned Judge.
The Judge then may:
(1) Dismiss the motion,
(2) Refer the case to mediation, if appropriate, or
(3) Order an investigation.
Initially, the Motion, § 3109.27 Affidavit and an Affidavit in support of the Motion signed by the moving party must be filed. If it appears there may be a change of circumstances, which may affect the best interests of the child, the Judge will order the appropriate investigation * * *.
In his motion, defendant-appellant alleged as changed circumstances that plaintiff-appellee had remarried and had moved their three children to another neighborhood and to new schools. The trial court found these allegations insufficient to qualify under R.C. 3109.04(E)(1)(a) as a change in circumstances, thus eliminating its obligation under the local rule to order an investigation. Then the trial court overruled the motion.
Defendant-appellant does not object to Loc.R. 2.2 itself, but to the trial court's application of the rule to this case at the determination hearing. Defendant-appellant contends that the trial court failed to apply the local rule's standard for reviewing his motion instead of the stricter standard set forth in R.C. 3109.04(E)(1)(a). In other words, defendant-appellant claims that, at the determination hearing, the trial court should have used the lower threshold of the local rule, i.e., that there may
be a change of circumstances that may affect the best interests of the children, instead of R.C. 3109.04's mandatory finding of a change in circumstances.
We cannot say that the trial court abused its discretion in denying defendant-appellant's motion, where Loc. R. 2.2 makes clear that the law applicable to determination hearings is R.C. 3109.04(E)(1)(a), and where none of the allegations in the motion, even if proven, would have constituted a change of circumstances as contemplated by the statute.
Remarriage, alone, usually does not constitute an unforeseen change of circumstance unless it creates hostility by the residential parent and new spouse against the nonresidential spouse. See Piwinski v. Piwinski (Mar. 18, 1999), Cuyahoga App. No. 73956, unreported, citing Davis, supra. In this case, defendant-appellant made no allegations of hostility. Furthermore, relocation of the children within the county and enrollment in new schools did not constitute changed circumstances under R.C. 3109.04, especially, as the trial court noted, in light of the parties' anticipation of such a move in their visitation schedule. See Vincenzo v. Vincenzo (1982), 2 Ohio App.3d 307,441 N.E.2d 1139; see, also, Culberson v. Culberson (1978),60 Ohio App.2d 304, 306, 392 N.E.2d 1226, 1228. Thus, we cannot say that the trial court abused its discretion in overruling the motion.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Shannon and Winkler, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.