OPINION
Petitioner-appellant, Gary Hetterich, II, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to modify the parties' shared parenting plan. The decision of the trial court is affirmed.
Appellant and petitioner-appellee, Gail Hetterich, were divorced in 1997. The parties had one child together, Candice, born October 5, 1995. Pursuant to their shared parenting plan, appellant had custody of Candice from 7:00 p.m. Wednesday to 7:00 p.m. Sunday every other week, a total of eight days each month. Appellee had custody of Candice at all other times. Holidays were divided between the parties, and the parenting schedule did not vary during the summer months.
Appellant has since remarried, and appellee is engaged to be married. Appellee's fiancé has relocated to Madison, Wisconsin and appellee intends to join him there. In early 2000, in anticipation of her move, appellee listed her house for sale, and filed a notice of intent to relocate with the trial court. In response, appellant filed a motion to modify the shared parenting plan, requesting that he be named Candice's residential parent.
After a hearing on the matter, the trial court denied appellant's motion and allowed appellee to move to Madison with Candice. The trial court granted appellant visitation with Candice eight days each month until she begins school. Once Candice begins school, the trial court ordered that appellant have visitation with Candice during all school holidays which fall on Friday or Monday, as well as the accompanying weekend, and eight days each month during the summer. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT'S ALLOWING THE MOTHER TO MOVE THE CHILD AWAY FROM ITS HOME AND EXTENDED FAMILY WAS AN ABUSE OF DISCRETION.
 In his assignment of error, appellant contends that the trial court abused its discretion by failing to find a change of circumstances and allowing Candice to move with her mother to Wisconsin.
A trial court's decision regarding custody will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus. More than an error in judgment or law, an abuse of discretion connotes that the trial court's decision is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A reviewing court should be "guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988),37 Ohio St.3d 71, 74.
The trial court's discretion in custody matters, while broad, is not absolute. It must be guided by R.C. 3109.04, which provides in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and * * * the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 R.C. 3109.04(E)(1)(a)(iii). Further, there is a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. R.C. 3109.04(E)(1)(a).
Accordingly, appellant had the burden of proving: (1) a change in circumstances, (2) that the modification of custody is in the child's best interest, and, (3) any harm to the child from a modification of the plan is outweighed by the advantages of such a modification. Zinneckerv. Zinnecker (1999), 133 Ohio App.3d 378, 383. The record must support each of these findings or the modification of child custody is contrary to law. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 417.
Although R.C. 3109.04 does not set forth a definition of the phrase `change in circumstances,' courts have generally held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh
(2000), 136 Ohio App.3d 599, 604-605, citing Wyss v. Wyss (1982),3 Ohio App.3d 412. This court has noted that the change must be one "of substance, not a slight or inconsequential change." Zinnecker,133 Ohio App.3d at 385. The act of moving a child to a different state and then resettling with a new stepparent does not, by itself, constitute a sufficient change of circumstances to warrant a change of custody.Vincenzo v. Vincenzo (1982), 2 Ohio App.3d 307.
However, such a move may constitute a change of circumstances when coupled with evidence of other adverse effects, such as a disruption in ongoing relationships with extended family. See Clontz v. Clontz (Mar. 9, 1992), Butler App. No. CA91-02-027, unreported.
In the present case, appellee will be moving six hours away to Madison, Wisconsin. Although appellant's parenting time will be dispersed differently, he will have the same amount of time with Candice, eight days each month, until she begins school. No matter where Candice lives, the parenting schedule would necessarily have to be altered once she starts school. Candice will be beginning kindergarten, so there is no concern that the move would require her to be uprooted from her school and classmates. Candice has a close relationship with appellee and her fiancé and appears to be thriving in their care.
Appellant alleged that his motion for change of custody should be granted based on the fact that the move will deprive Candice of contact with her grandmother and great-grandmother, who presently provide day care for Candice two days, every other week. Of significance, their visitation with Candice occurs during appellee's parenting time, and there was testimony that appellant did not provide them with consistent access to Candice. There was no indication that appellee would not continue to encourage these relationships, even after the move. Neither of these individuals testified about their relationship with Candice, or the impact the move would have on it. No other evidence was presented which would demonstrate that the move would have any other detrimental impact upon Candice.
Considering the evidence presented, we find that the trial court did not abuse its discretion by finding that the proposed move did not amount to a change of circumstances warranting further inquiry into the motion to modify custody.
Appellant also contends that the trial court erred by modifying the shared parenting plan without finding a change of circumstances. While it is true that the trial court's decision alters the terms of the parties' shared parenting plan, R.C. 3109.051(G) provides that, upon filing a notice of intent to relocate, the court may schedule a hearing "to determine whether it is in the best interest of the child to revise the visitation schedule for the child." When revising a visitation schedule under this section, there is no requirement that the trial court first find a change of circumstance. Rather, the revision is made solely upon contemplation of the child's best interest. R.C. 3109.051(G)(1). Proceeding under a notice of intent to relocate is distinctly different from proceeding under a motion to modify custody, which requires that the trial court first find a change of circumstance.
Accordingly, the trial court did not err by revising appellant's visitation upon appellee's move to Wisconsin.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.