JOURNAL ENTRY AND OPINION
Defendant-appellant, Tami R. Vice, appeals from a decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which named the plaintiff-appellee, Joseph Gydosh, the primary residential parent and legal custodian of their minor child, modified the possession schedule accordingly, and issued a new support order. For the following reasons, we affirm.
Tami and Joseph, Sr. are the parents of Joseph "Joey" Gydosh, born October 13, 1995. The couple never married. On June 3, 1999, the parties entered into a shared parenting plan, which was approved by the court on June 16, 1999.
Under the terms of the shared parenting plan, both parties were designated as residential parents and legal custodians of Joey with the parties alternating possession on a four-week basis. Tami was designated the primary residential parent for school purposes. In addition to other matters pertaining to the rearing of the child, the plan contained a notice of intent to relocate provision which forbid either parent from relocating the child's residence from Cuyahoga County or adjacent counties without written consent or court order.
On March 16, 2000, Tami filed a notice of intent to relocate to Oxford, Alabama with the child. Tami was born in Alabama and has strong family ties there. Joseph, Sr. immediately objected by filing a motion to show cause, motion to modify allocation of parental rights and responsibilities, motion for emergency ex parte restraining order, motion to modify support and emergency motion for immediate possession.
On April 20, 2000, the parties entered into an agreed judgment entry which granted possession of Joey to Joseph, Sr. and allowed Tami visitation. This entry also temporarily suspended child support.
On July 14, 2000, the parties entered into another interim agreement that would be in effect for one year. This agreement called for the possession of the child to be equally split between the parties, and for the pending issues between the parties to be decided in June or July of 2001.
On July 20 and 28, 2001, trial began. At trial, testimony and evidence was presented by both parties. Both parties recounted incidents where the other interfered with visitation schedules. Tami related an incident of domestic violence that Joseph, Sr. engaged in during their relationship and Joseph, Sr. related several incidents of alcohol abuse that Tami engaged in during scheduled visitations. Both parties testified that Joey was involved with their respective families. Tami testified about her extended family in Alabama and Joseph testified about his extended family in Ohio. Joseph, Sr. also testified that Tami had taken Joey several times to Alabama with no or short notice and failed to return him on time. In addition, the trial court conducted an in-camera examination of the minor child.
On August 15, 2001, the court issued a decision that revised the original shared parenting plan and named Joseph, Sr. the legal custodian and primary residential parent of the minor child and modified the possession schedule taking into account Tami's relocation to Alabama. The court also made the following findings in pertinent part:
 As to the issues of relocations, the court finds that no written agreement was executed by the parties which gave father's consent to the defendant for the child to be relocated outside Cuyahoga County or adjacent counties. To the extent that the parties' relationship has sadly deteriorated over time, and may continue to do so unless they actively seek to stop and seek to build a positive parental relationship to support their son, the distance between the parties has helped defendant by reducing stress and providing her with support from her family. This distance is not the same for the child. The child maintains a positive loving relationship with both parents. Since 1996, his parents have and his father continues to provide him with a stable home, support and family in Ohio. The evidence further showed that defendant's relocation has not substantially improved her stability and employment.
 Based on the evidence presented, the court finds that relocation for the defendant is a positive move for her, giving her the freedom to parent without the watchful but critical eye of the plaintiff. Plaintiff provides security, stability, consistency, support and clear parenting ability which are critically necessary for this child's success and well-being at this time. In accordance with ORC 3109.51(G)(1), the court finds that it is in the best interests of the child to revise the visitation schedule for the child.
 After considering the factors set forth in ORC 3109.04(E)(1)(a), the court further finds that a change has occurred in the circumstances of the mother, and that a modification is necessary to serve the best interest of the child because the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. The court finds that a modification of the court's prior order naming both parties as residential parents and legal custodians to designate a primary residential parent is necessary and appropriate. The court further finds that shared parenting is and continues to serve the best interests of the child.
 In considering the factors set forth in ORC 3109.04(F)(1), the court finds that each party wishes to be designated primary residential parent and legal custodian for school purposes; that from the child's interview he expressed his desire to live with his father; and that he was concerned about whether his parents were arguing, especially as it related to his mother because of his observations with her argumentative demeanor even when "people are trying to be nice to her." The court finds that the child's interaction and interrelationship with his parents, and other persons who may significantly affect the child's best interest are age appropriate and positive. The child's adjustment to the home, school and community each party now provides is appropriate. The parties' physical health is unremarkable; and that the psychological evaluation and family assessment performed by the court's Diagnostic Clinic indicated areas of concern regarding each party's personality traits. The court finds that each party has honored and facilitated court approved parenting time rights by providing a means for the child to maintain his contact with his parents and incurring additional costs for transportation and private telephone service. Father has paid all arrearages owed through the CSEA. Neither party has been involved in an act, adjudication, or conviction of abuse or neglect of a child. The evidence does not support a finding of continuous and willful denial of visitation in accordance with the court's orders. The court finds that mother has established a residence outside of this state.
 The court finds that despite high animosity, and considering the geographic proximity of the parents to each other, the parties have demonstrated a willingness to cooperate and make decisions regarding Joey such as his preschool education, adjustments to his telephone contact schedule for extracurricular activities, and transportation needs; and that even where communication is lacking, no evidence is presented which would show that either party discouraged the sharing of love, affection and contact with the child such that it appears that each parent does provide support, a well-rounded experience, and love for Joey.
It is from this decision that Tami has timely appealed and raises two assignments of error for our review:
 I. THE LOWER COURT COMMITTED ABUSE OF DISCRETION IN THE APPLICATION OF O.R.C. § 3109.051(G)(1) IN THAT THE LOWER COURT FOUND THAT IT WAS IN THE BEST INTEREST TO MODIFY THE VISITATION SCHEDULE AND DETERMINED THAT A CHANGE IN PARENTAL RIGHTS AND RESPONSIBILITIES WAS NECESSARY.
 II. THE LOWER COURT COMMITTED ABUSE OF DISCRETION IN THE APPLICATION OF O.R.C. § 3109.04(E)(1)(a) AND (F)(1) IN THAT THE LOWER COURT FOUND A CHANGE IN CIRCUMSTANCE IN THE APPELLANT THEREBY FINDING A MODIFICATION OF THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES TO BE IN THE BEST INTEREST OF THE CHILD.
In both of these assignments of error, Tami argues that the trial court erred in its application of the law with regard to her notice of relocation under R.C. 3109.051(G). First, Tami argues that the trial court erred in determining that it was in the best interest of the child to name the father as primary residential parent and legal custodian. Second, Tami argues that a change in custody is not warranted simply because she moved to another state. We disagree.
A decision of a trial court involving the custody of children is accorded great deference upon review. Miller v. Miller (1988),37 Ohio St.3d 71, 74. Accordingly, the judgment of the trial court in its allocation of parental rights and responsibilities will not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04 governs the modification of prior judgments allocating parental rights and responsibilities.[1] It provides that the prior custody order can only be altered if the trial court finds that a change of circumstances has occurred and the modification would be in the best interests of the child. R.C. 3109.04(E)(1)(a). It also states that the party seeking the change must establish that the harm likely to be caused by a change of environment is outweighed by the advantages of the change. R.C. 3109.04 (E)(1)(a)(iii).
In relation to the first prong of the test, the courts of this state have generally held that the act of moving a child to a different state does not, by itself, constitute a substantial change in circumstances to warrant a change of custody. See Masters v. Masters (1994),69 Ohio St.3d 83, 86; Vincenzo v. Vincenzo (1982), 2 Ohio App.3d 307. However, where the shared parenting plan specifically provides that the parents may not move from the area, the "change of circumstances" analysis is not applicable. Schiavone v. Antonelli (Dec. 10, 1993), Trumbell App. No. 92-T-4794, unreported. Rather, where such a provision exists, the child can only be moved from Ohio if it would be in the best interests of the child. Id; Zimmerman v. Zimmerman (Feb. 27, 2001), Franklin App. No. 00AP-383, unreported; Rendina v. Rendina (Dec. 13, 1991), Lake App. No. 91-L-011, unreported.
Here, paragraph 1(6)(j) provides that Neither parent shall relocate the child's residence from Cuyahoga County or the adjacent counties without the prior written consent of the other parent or an Order of Court. Tami consented to this provision as part of the shared parenting plan. Accordingly, the "change of circumstances" analysis is not applicable and we need only look to see if the trial court properly applied the "best interest of the children test" from R.C. 3109.04(F)(1).
R.C. 3109.04(F)(1) provides in relevant part that in determining the best interest of a child pursuant to R.C. 3109.04, the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
* * *
 (j) Whether either parent has established a residence, or is planning to establish a residence outside this state.
Applying the relevant factors to the facts of this case, we believe that the trial court properly determined that a custody modification was in the best interest of Joey. The trial court considered the wishes of the parents and the child[2], the child's relationship with family members, the child's adjustment to his home, school and community, and previous actions of the parents. Accordingly, we cannot say that the trial court abused its discretion in deciding that it was in the best interest of the child to change custody.
Finally, our review of the record shows that although Joey will no longer be able to maintain as close of a relationship with Tami, we are of the opinion that the advantages to be derived from the custodial change will have a positive impact on the emotional and mental health and development of Joey and outweighs any harm caused by the change.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] R.C. 3109.051(G)(1), which Tami relies upon in her brief, does not apply to a situation where parents share custody of the child under a shared parenting plan. Lockom v. Lockom (Aug. 18, 2000), Wood Cty. App. No. WD-99-053, unreported, citing from Braatz v. Braatz (1999),85 Ohio St.3d 40.
[2] R.C. 3109.04(F)(1)(b) allows the trial court to consider the wishes and concerns of the child as they relate to the allocation of parental responsibilities. Since the record does not contain a transcript of thein-camera interview which the trial court conducted, we must assume that such a statement was made. Stranger v. Parker-Fallis (1972),29 Ohio St.2d 72.