OPINION
{¶ 1} This appeal arises from a final judgment of the Domestic Relations Division of the Geauga County Court of Common Pleas. In its judgment entry, the trial court denied appellant Michael L. Masseria's motion for temporary custody, motion to modify the shared parenting decree, and motion to show cause. The following facts were established during the proceedings:
 {¶ 2} On August 10, 1998, appellant and appellee were divorced. On the same day, the parties entered into a shared parenting plan pertaining to the allocation of parental rights and responsibilities regarding their child, Michael L. Masseria, Jr. According to the shared parenting plan, neither party was permitted to change the permanent residence of the child from Geauga County or its immediate adjacent counties without a court order or the other parent's written consent. Moreover, the shared parenting plan entitled appellant to parenting time with his son on alternating weekends, one or two evenings per week until 9:00 p.m., on alternating holidays, on appellant's birthday, on Father's day and for two weeks in the summer. Appellee had custody of the child at all other times.
 {¶ 3} On July 16, 2001, appellee filed a notice of intent to relocate. Before doing so, however, appellee went to the Geauga County courthouse and was advised of the procedure for filing the notice by the magistrate assigned to the file. Appellee's notice indicated that she did not yet have a precise address, but that she intended to relocate from Ohio to Ft. Bragg, North Carolina approximately six weeks from the date of the notice. A copy of the notice was sent to appellant by certified mail; however, after service, he neither opposed the relocation nor requested a hearing to determine whether it was in the child's best interest. Appellee further testified that she made a second visit to the Geauga County courthouse and was advised by courthouse personnel that she could move because there was nothing filed against her intent to relocate. Therefore, on October 13, 2001, appellee moved and five days later alerted the Geauga County courthouse of her exact address.
 {¶ 4} This matter was heard on February 25, 26, and 27, 2002, before Magistrate D. H. Lee. The matters before the Magistrate were appellant's emergency motion for temporary custody, his motion to modify the shared parenting decree, and his motion to show cause. On March 18, 2002, the magistrate rendered his decision. In particular, Magistrate Lee determined that the parties' child should remain with appellee; that the parenting schedule should be revised in light of the fact that both parties live in different states; and appellant's motion to show cause for contempt should be denied. On April 5, 2002, Judge H.F. Inderlied, Jr., filed his judgment entry approving and adopting the magistrate's decision.
 {¶ 5} In seeking a reversal of the trial court, appellant advances the following assignments of error:
 {¶ 6} "1. The trial court abused its discretion by placing the burden upon defendant to seek a modification when the original plan restricted the parties [sic] ability to relocate with the child.
 {¶ 7} "2. The trial court abused its discretion by failing to weigh the harm caused by the plaintiff's move from Ohio to North Carolina with the child.
 {¶ 8} "3. The trial court abused its discretion by overruling defendant's Motion to Show Cause."
 {¶ 9} In his first assignment of error, appellant claims the court abused its discretion by placing the burden upon him to establish the requisite elements for a modification of the shared parenting plan when the original plan restricted the parties ability to relocate with the child. Appellant contends that the lower court erred in determining that appellee was the "primary residential parent." Appellant asserts that, by designating appellee the primary residential parent, the court prevented him from enjoying the strong presumption in favor of the residential parent with respect to seeking a modification of the shared parenting agreement. Consequently, appellant argues that the lower court inappropriately shifted the burden to him to prove that moving the couples' child from Ohio to North Carolina was not in the child's best interest.
 {¶ 10} When a judge makes a decision regarding the custody of children and when the decision is supported by a substantial amount of competent and credible evidence, the decision will not be reversed absent an abuse of discretion. Bates v. Bates (Dec. 7, 2001), 11th Dist. No. 2000-A-0058, 2001 Ohio App. LEXIS No. 5428, at 3, citing Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23. The term "abuse of discretion" implies more than simply an error of law; rather, it must be shown that the Court's attitude is unreasonable, arbitrary, or unconscionable.Bates, supra., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. However, while a trial court's discretion in a custody proceeding is broad, it is not absolute, and the trial court must follow the procedure described in the applicable statute. Miller v. Miller (1988),37 Ohio St.3d 71, 74. With this in mind, we shall address appellant's first assignment of error.
 {¶ 11} In Ohio, the authority of the domestic relations courts to modify their own custody and visitation orders is found in R.C. 3109.04.Kelm v. Kelm (2001), 92 Ohio St.3d 223. R.C. 3109.04(E)(1)(a) governs the modification of prior judgments "allocating parental rights and responsibilities." This subsection first indicates that the prior custody order can only be altered if the trial court finds that the modification would be in the best interests of the child and that a change of circumstances has occurred. This subsection continues: "*** In applying these standards, the court shall retain the residential parent designated by the prior decree ***, unless the modification is in the best interest of the child and one of the following applies *** (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment."
 {¶ 12} Fundamentally, R.C. 3109.04(E)(1)(a) sets forth a three-prong standard for modifying a shared parenting agreement: In order to establish cause for transferring custody of a child of divorced parents from one parent to another, the party seeking the change must establish (1) that changes have occurred in the circumstances of the child or the parent having custody; (2) that the modification is necessary to serve the child's best interests; and (3) that the harm likely to be caused by a change of environment is outweighed by the advantages of the change." Moore v. Moore (Mar. 27, 1998), 11th Dist. No. 97-P-0008, 1998 Ohio App. LEXIS No. 1268, at 22-23, citing, Schiavonev. Antonelli (Dec. 10, 1993), 11th Dist. No. 92-T-4794, 1993 Ohio App. LEXIS No. 5891, at 3. The record must support each of these findings or the modification of child custody is contrary to law. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 417.
 {¶ 13} In applying this standard, this court has consistently held that R.C. 3109.04 provides for a "strong" presumption in favor of retaining the present residential parent. Moore, supra., citingSchiavone, supra.; see, also, Brown v. Rehder (June 28, 1991), 11th Dist. No. 90-G-1576, 1991 Ohio App. LEXIS 3097, at 7. Thus, in addition to establishing the first two prongs of the standard, the challenging party must demonstrate that the advantages of modifying custody are greater than the disadvantages which will always arise whenever such a motion is granted.
 {¶ 14} In the current matter, appellant sought the modification of the original shared parenting plan. Pursuant to our previous holdings, the party seeking the change has the burden of satisfying the three-element test for modification. See, e.g.;. In re Marriage ofFaulhaber (June 28, 2002), 11th Dist. No. 2001-P-0110, 2002 Ohio App. LEXIS 3362, at 8, citing Hongosh v. Hongosh (Sept. 11, 1998), 11th Dist. Nos. 97-L-113 and 97-L-263, 1998 Ohio App. LEXIS 4249, at 14; Moore,
supra.; Schiavone, supra. Because appellant had the burden of proof, it is unnecessary for us to reach the issue of whether the lower court erred in classifying appellee "residential parent." Even if such an error were present, appellant would still have the burden of establishing the three-prong modification test irrespective of the presumption favoring the "residential parent." Hence, the lower court did not err by placing the burden of establishing the elements for a modification of the original shared parenting plan on appellant.
 {¶ 15} Notwithstanding this analysis, appellant directs our attention to the original shared parenting plan's restriction on the parties' ability to relocate with the child. Appellant appears to argue that appellee's relocation was tantamount to a modification of the shared parenting plan. Appellant therefore concludes that the court abused its discretion by placing the burden upon him with respect to the plan's modification. We must disagree.
 {¶ 16} The original plan did restrict a party's unilateral ability to relocate with the child. However, there were certain channels either party could utilize to effect a relocation without violating the plan. In particular, the agreement stated: "[t]hat neither party shall be allowed to change the permanent residence of the minor child from Geauga County or its immediate adjacent counties but shall obtain an order of this court, or the other parent's written consent before moving out of the area discussed herein." Therefore, if either parent desired to relocate with the child outside of Ohio, he or she could do so if he or she either obtained a court order or obtained written consent from the other parent.
 {¶ 17} Appellee was deemed to have substantially complied with the necessary relocation criteria set forth in the plan. Specifically, the magistrate's decision, which was summarily adopted by the trial judge in his judgment entry, sets forth the basis of this decision. To wit, the magistrate determined that before appellee filed her intent to relocate, she went to the Geauga County courthouse and was advised by the magistrate as to how to file the notice. Appellee's notice of intent to relocate indicated that she planned to move to Ft. Bragg, North Carolina within six weeks but she did not yet know her precise address. On July 16, 2001, the notice was sent to the court and a copy was mailed to appellant. On October 11, appellee testified she made a second trip to the courthouse and was advised by courthouse personnel that she could move. Appellee maintained that, based on what she was told by the magistrate and the courthouse personnel, she had done what was legally necessary to conduct a proper relocation. On October 13, 2001, appellee moved and on October 18, 2001, she called the Geauga County courthouse with her precise address.
 {¶ 18} After service, appellant did not file a motion or request a hearing to determine whether it was in the best interest of the parties' minor child to revise the parenting time schedule. From this, the magistrate determined that appellee did not intentionally disregard the specific provisions of the shared parenting plan. Thus, the magistrate determined that the manner in which appellee accomplished the relocation did not violate the restrictions against relocation.
 {¶ 19} Neither appellee nor the magistrate treated the relocation from Ohio to North Carolina as a modification of the shared parenting plan. However, after the relocation, appellant sought a formal modification of the shared parenting decree. As indicated above, the burden is on the party seeking the modification. Insofar as appellant was the party seeking the modification, he retains the burden of establishing facts sufficient to satisfy the foregoing three-prong test. Again, the trial court did not abuse its discretion by placing the burden on appellant. Therefore, appellant's first assignment of error is without merit.
 {¶ 20} In his second assignment of error appellant claims that the trial court abused its discretion by failing to weigh the harm caused by the appellee's move from Ohio to North Carolina with the child. Although the court did consider the impact of the child's move from Ohio to North Carolina, such a discussion was unnecessary when the modification sought a relocation from North Carolina to Ohio. Again, pursuant to R.C.3109.04(E)(1)(a), supra., a party seeking modification of the shared parenting decree must (1) make an initial threshold showing of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the child's best interests; and, (3) any harm to the child from a modification of the plan must be outweighed by the advantages of such a modification. Clark v. Smith (1998),130 Ohio App.3d 648, 653; Moore, supra.
 {¶ 21} Because appellant was seeking to modify the current living arrangement (where the child was living in North Carolina), he was charged with the burden of demonstrating the elements of R.C.3109.04(E)(1)(a). As such, appellant had the burden of demonstrating that the harm of continued primary residence with appellee was outweighed by its advantages. In this respect, the lower court assuredly did not abuse its discretion because appellee was not the party seeking to modify the Shared Parenting Plan. Insofar as appellant believes the trial court was bound to weigh the harm of appellee's move from Ohio to North Carolina, he misunderstands the nature of the burden imposed by the test enunciated in Clark, supra, et al. Therefore, the lower court did not abuse its discretion by failing to weigh the harm caused by appellee's move from Ohio to North Carolina because appellee did not seek a modification of the shared parenting decree.
 {¶ 22} Moreover, we have previously held that a relocation of a residential parent does not in and of itself, equate to a change in circumstances. Schiavone, supra., at 3; see, also, Vincenzo v. Vincenzo
(1982), 2 Ohio App.3d 307. Moreover, other appellate courts have likewise concluded that a trial court abuses its discretion in finding a change of circumstances predicated solely on a move to another state. See, e.g.Clontz v. Clontz (Mar. 9, 1992), 12th Dist. No. CA9102-027, 1992 Ohio App. LEXIS 1034. The courts of this state have generally held that the phrase "change in circumstances" is intended to denote an event occurrence, or situation which has a material and adverse effect upon a child. Shiavone, supra., at 3, citing Wyss v. Wyss (1982),3 Ohio App.3d 412.
 {¶ 23} In the current matter, appellant failed to demonstrate the threshold element of R.C. 3109.04(E)(1)(a), viz., a change of circumstances. Since appellee's relocation is not a change of circumstances as a matter of law, and appellant did not provide any dispositive evidence that the relocation materially and adversely effected the child, appellee's relocation would, at most, facilitate a visitation adjustment. In such a situation, a trial court considers the fifteen factors enumerated in R.C. 3109.05.1(D) and, in its sound discretion, determines whether the visitation adjustment is in the child's best interest. Braatz v. Braatz (1999), 85 Ohio St.3d 40. Thus, any hearing on these issues would not place a burden on appellee, despite appellant's argument to the contrary. Therefore, appellant's second assignment of error is without merit.
 {¶ 24} In his third assignment of error, appellant maintains that the trial court abused its discretion by overruling his motion to show cause. This court disagrees.
 {¶ 25} A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders. Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265,268. "In order to be clear and convincing, evidence must leave the trier of fact with the firm conviction or belief that the allegations involved are true." Moraine at 268, citing Cross v. Ledford (1954),161 Ohio St. 469. In the current matter, appellee filed a Notice of Intent to Relocate pursuant to R.C. 3109.05.1(G). R.C. 3109.05.1(G)(I) states: "If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree." Because she made a good faith attempt to accomplish an appropriate relocation, the lower court determined that appellee did not substantively disregard its order.
 {¶ 26} More importantly, however, the trial court noted that appellant failed to provide a transcript of the proceedings pursuant to Civ.R. 53(E). In particular, Civ.R. 53(E)(3)(b) states: "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Insofar as appellant failed to provide the trial court with the transcripts, he did not comply with Civ.R. 53(E)(3)(b); as such, the trial court did not have an actual opportunity to review the alleged errors. Hence, the trial court's subsequent adoption of the magistrate's findings was proper, reasonable, and does not rise to the level of an abuse of discretion. Therefore, for the above reasons, appellant's third assignment of error is without merit.
 {¶ 27} For the foregoing reasons the judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, J., dissents.