OPINION
Defendant-appellant, Dean A. Snyder, appeals the decision of the Fayette County Court of Common Pleas modifying the shared parenting agreement between appellant and plaintiff-appellee, Brenda L. Snyder ("mother"). The modification permitted the mother to move out of state with the parties' nine-year-old son.
The parties entered into a shared parenting agreement ("the plan"), which required that the parties renegotiate the plan should either party seek to move out of state. The plan further stated that a parent could not remove the child permanently from central Ohio without written permission of the other parent or by court order. Each parent was listed as residential parent when the child was with that parent. The mother was listed as residential parent for school purposes. Provision six on page nine of the plan stated that the mother's residence would be the legal residence of the child for school purposes and other purposes. The plan also required a relocating parent to file a notice of intent to relocate with the court, pursuant to R.C. 3109.051(G).
The mother filed a motion to modify the shared parenting plan eleven months after the divorce decree was granted. The mother stated in her motion that there had been a change in circumstances but did not identify the change. In her memorandum, she asked that she be permitted to move out of state with the parties' son. It appears that the mother was seeking the modification to be named the sole residential parent when she relocated out of state. The mother had not chosen the exact location of her new residence but wanted to relocate near her family, which was an estimated three-hour drive from appellant. Appellant responded by filing his own motion to modify the plan so that he would be appointed as residential parent.
By its decision dated October 20, 2000, the trial court adopted the decision of a magistrate granting the mother's motion to modify the plan. No mention was made of the disposition of appellant's motion to modify. Appellant appeals the decision of the trial court and raises three assignments of error.[1]
Assignment of Error No. 1:
 THE TRIAL COURT DID NOT APPLY OHIO LAW REGARDING MODIFICATION OF AN ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITES[.]
Appellant argues that the trial court failed to follow R.C. 3109.04. The statute states in pertinent part:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to the shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
R.C. 3109.04 requires a finding of a change of circumstances. Davis v.Flickinger (1997), 77 Ohio St.3d 415, paragraph one of syllabus. The party moving for a shared parenting modification had the burden of proving: (1) a change of circumstances, (2) that the modification of custody is in the child's best interest, and, (3) any harm to the child from a modification of the plan is outweighed by the advantages of such a modification. Hetterich v. Hetterich (Apr. 9, 2001), Butler App. No. CA2000-06-122, unreported, at 3, 4, citing Zinnecker v. Zinnecker
(1999), 133 Ohio App.3d 378. The record must support each of these findings or the modification of child custody is contrary to law.Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 604.
The mother did not file a notice of intent to relocate but filed a motion to modify the shared parenting plan. The mother alleged in her motion that a change of circumstances had occurred.[2] While the court stated in its decision that a change of circumstances was necessary, the record in this case does not reflect that the trial court properly made and identified the requisite findings of a change of circumstances. A change of circumstances should have been shown before the trial court considered the best interest factors of R.C. 3109.04[3] and weighed whether the advantages of the change of environment outweighed the harm likely to be caused thereby.
We must sustain the first assignment of error and reverse the trial court's decision to grant a modification of the shared parenting plan due to the failure to make a threshold finding of a change of circumstances. The first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE PARTIES' SHARED PARENTING PLAN AND PERMITTING THE PERMANENT REMOVAL OF THE MINOR CHILD TO KENTUCKY AS SUCH A DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO DESIGNATE DEFENDANT AS THE MINOR CHILD'S RESIDENTIAL PARTY FOR SCHOOL PLACEMENT PURPOSES IN THE EVENT PLAINTIFF RELOCATES TO KENTUCKY
The second and third assignments of error also deal with the modification of the shared parenting plan. Based upon our determination on the first assignment of error, the second and third assignments of error are moot.
The judgment of the trial court is reversed. This matter is remanded to the trial court for a determination of whether a change of circumstances occurred and, if circumstances have changed, whether the modification of custody is in the child's best interest, and whether any of the three subsections of R.C. 3109.04(E)(1)(a) applies.
WALSH and KERNS, JJ., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] Appellee failed to file an appellate brief in the instant appeal.
[2] A review of caselaw has found that the non-relocating, or in-state, parent is usually the party arguing that a change of circumstances occurred when a parent moved. Courts have found that relocating alone is generally not adequate to constitute a change of circumstances.
[3] R.C. 3109.04(F) provides numerous factors the trial court should consider, but is not limited to, in determining the best interest of a child.