DECISION AND JOURNAL ENTRY
This cause was heard upon the records in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Surdel, appeals the decision of the Lorain County Court of Common Pleas, Juvenile Division. We reverse.
On December 11, 1996, John and Laurie Surdel agreed to a Judgment Entry Decree of Divorce in the Lorain County Court of Common Pleas, Domestic Relations Division ("domestic relations court"). Initially, Laurie Surdel ("Ms. Surdel") was given custody of the Surdel's three minor children, Ashley, Ambrosia, and Mallory.[1] Mr. Surdel was not awarded visitation with the children, as Ms. Surdel had accused him of sexually abusing their daughters.
Subsequently, the domestic relations court ordered that the children be evaluated by a psychologist, whose April 1, 1997 report cast doubt on the allegations of sexual abuse and attributed the children's problematic behavior to the mother's frequent reiteration of the sexual abuse allegations.[2] Accordingly, the domestic relations court ordered Ms. Surdel to present the children for a two-hour supervised visitation with Mr. Surdel. Both Ms. Surdel and the psychologist were to be present during the visitation. Ms. Surdel failed to comply with the order. Consequently, Ms. Surdel was held in comtempt, but was given ample opportunity to purge her contempt. She failed to do so. A contempt hearing was held; however, Ms. Surdel did not attend and apparently had absconded from the state with the Surdel children.[3] In an order journalized on June 4, 1998, the domestic relations court sentenced Ms. Surdel to three days incarceration for her failure to purge her contempt. The court also adjudged the children to be neglected pursuant to R.C. 2151.03. The domestic relations court then certified the issue of the allocation of parental rights and responsibilities to the juvenile court "for court action consistent with the findings herein, and for an order placing the minor children in the temporary custody of the Lorain County Children Services Agency." See R.C. 2151.23 and 3109.06. On July 21, 1998, the juvenile court adopted the findings of the domestic relations court, adjudged the children to be neglected, and awarded Lorain County Children Services ("LCCS") emergency temporary custody of the children.[4] LCCS appealed the decision to this court.
On May 13, 1999, this court reversed and remanded the juvenile court's decision, holding, in part, that the domestic relations court failed to certify the issue of neglect, and therefore, the juvenile court did not have jurisdiction to determine the issue of neglect. In re Surdel (May 12, 1999), Lorain App. No. 98CA007172, unreported, at 19. This court remanded the case to the juvenile court for a determination as to the issue of the allocation of parental rights and responsibilities under R.C. 3109.04, as such issue had been properly certified by the domestic relations court. Id. at 14, 17-19.
On April 27, 1999, Mr. Surdel moved to modify the allocation of parental rights and responsibilities. He served the motion on Ms. Surdel by publication, as Ms. Surdel and the children's whereabouts were unknown at that time. The juvenile court held a hearing on the matter, commencing on January 24, 2000. Ms. Surdel did not appear at any of the proceedings before the juvenile court. On June 16, 2000, guardian ad litem, Lillian Leach, notified the court that she believed that she had a valid address for Ms. Surdel and the children and was "waiting for the Court's direction to move forward." On January 29, 2001, the juvenile court denied Mr. Surdel's motion to modify custody, finding that "[b]ased upon the evidence presented, the Court is unable to conclude by clear and convincing evidence that the Surdel children, in the care of their biological mother, Laurie Surdel, are neglected. Clearly, they are unable to be placed in the care of their father, John Surdel." This appeal followed.
Mr. Surdel asserts a single assignment of error:
 The trial court abused its discretion and committed reversible error when it denied Appellant John Surdel's Motion for Change of Custody of Ashley Surdel, Ambrosia Surdel and Mallory Surdel.
In his sole assignment of error, Mr. Surdel avers that the trial court abused its discretion when it denied his motion to modify the order allocating parental rights and responsibilities for the care of his three minor children. Specifically, Mr. Surdel complains that the trial court incorrectly applied the clear and convincing evidence standard and failed to consider the factors enumerated in R.C. 3109.04(E)(1)(a) in denying his motion. We agree.
A trial court has broad discretion in its allocation of parental rights and responsibilities. Donovan v. Donovan (1996), 110 Ohio App.3d 615,618. A reviewing court may not overturn a trial court's determination regarding the allocation of parental rights and responsibilities absent an abuse of discretion. Id. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
We will first address Mr. Surdel's contention that the juvenile court incorrectly relied upon the clear and convincing evidence standard in denying his motion to modify custody. In the present case, the juvenile court held that it was "unable to conclude by clear and convincing evidence that the Surdel children, in the care of their biological mother, Laurie Surdel, [were] neglected." We note that it is well-established law that a determination of neglect pursuant to R.C.2151.03 must be supported by clear and convincing evidence. R.C. 2151.35(A) and Juv.R. 29(E)(4). The issue of neglect, however, was not properly before the juvenile court. In our May 13, 1999 decision, this court explicitly stated that the domestic relations court failed to certify the issue of neglect to the juvenile court under R.C. 2151.23 and 3109.06, and therefore, the juvenile court did not have jurisdiction to make a determination of neglect pursuant to R.C. 2151.03.[5] In re Surdel (May 12, 1999), Lorain App. No. 98CA007172, unreported, at 19. Consequently, we conclude that the trial court erred in revisiting the issue of neglect on remand.
Although the juvenile court did not have jurisdiction to entertain the issue of neglect, the juvenile court had jurisdiction to consider the issue of the allocation of parental rights and responsibilities, as the domestic relations court had properly certified that issue to the juvenile court. Id. at 12, fn. 5. The juvenile court, therefore, was required to apply the standards set forth in R.C. 3109.04 in determining whether to modify the prior decree allocating parental rights and responsibilities. In re Poling (1992), 64 Ohio St.3d 211, paragraph two of the syllabus, 216-18; see, also, R.C. 3109.06.
R.C. 3109.04 governs the allocation of parental rights and responsibilities. Pursuant to R.C. 3109.04(E)(1)(a),
 [t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [the child's] residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Thus, a modification of a prior decree allocating parental rights and responsibilities is not warranted absent: (1) a change in circumstances; (2) the best interest of the child weighing in favor of such modification; and (3) one of the factors enumerated in R.C.3109.04(E)(1)(a)(i)-(iii) being present. Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 385; Holm v. Smilowitz (1992), 83 Ohio App.3d 757,773.
In the case sub judice, the juvenile court failed to make the requisite findings under R.C. 3109.04(E)(1)(a) in reaching its determination regarding the reallocation of parental rights and responsibilities. Significantly, the juvenile court's journal entry does not even reference R.C. 3109.04. Accordingly, we conclude that the juvenile court erred when it failed to consider the factors enumerated in R.C. 3109.04(E)(1)(a) in denying Mr. Surdel's motion to modify the decree allocating parental rights and responsibilities. Therefore, we remand the case to the juvenile court for the application of the factors enumerated in R.C.3109.04(E)(1)(a) and a subsequent determination regarding Mr. Surdel's motion. Mr. Surdel's assignment of error is sustained.
Due to the extensive length of the current litigation, resulting primarily from Ms. Surdel's repeated noncompliance with court orders and clandestine removal of the children from the area, the juvenile court should give the current matter priority on remand. Additionally, to ensure the welfare of the children, the juvenile court may, at this point, need to take a more active role in determining the location of Ms. Surdel and the children, so that the children's health and well-being can be evaluated either by the juvenile court or the appropriate agency.
Mr. Surdel's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] Ashley was born on May 28, 1987, Ambrosia was born on April 21, 1989, and Mallory was born on May 1, 1991.
[2] At a hearing held on January 24, 2000, Mr. Surdel testified that he had been acquitted on criminal charges of sexual abuse, arising from Ms. Surdel's allegations. Sherry Madden, who is the ex-wife of Ms. Surdel's current husband and has two children of her own, testified that Ms. Surdel "called the police on [her] and called Social Services on [her.]" These reports, however, were unsubstantiated. Ms. Madden also related that Ms. Surdel continually interfered with her visitation rights with the Madden children and moved the Madden and Surdel children from school to school so that they would be difficult to locate.
[3] The facts up until this point were summarized from this court's prior decision in In re Surdel (May 12, 1999), Lorain App. No. 98CA007172, unreported, at 2-3.
[4] In the juvenile court, each child was assigned a separate case number and a separate docket was kept for each case; however, as the proceedings and findings were virtually identical for each child, we will refer to the cases as though they were one case.
[5] We note that "[a]ny person having knowledge of a child who appears to be * * * neglected, dependent, or abused may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the * * * neglect, dependency, or abuse occurred." Juv.R. 10(A); see, also, R.C.2151.27(A).