[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Warren County Court of Common Pleas in which the motion of defendant-appellee, Addison Copeland III, for a change of custody was granted. Plaintiff-appellant, Melissa Copeland, had custody of the parties' children. She filed a notice of intent to relocate to Chicago, Illinois with the children. Several other motions were filed by the parties, including a motion for a change of custody filed by appellee. The trial court ordered a change of custody to appellee in the event appellant should decide to relocate to Chicago.
Appellant's first assignment of error is overruled. Although the court did not have the power to change custody pursuant to R.C. 3109.051(G)(1) or pursuant to Warren County Local Rule 1.09, it did have authority to do so pursuant to appellee's motion for change of custody. See R.C.3109.04(E)-(1)(a); Zinnecker v. Zinnecker (1999), 133 Ohio App.3d 378.
Appellant's second assignment of error is overruled since the trial court did not order a change of custody based solely on appellant's notice of intent to relocate as in Masters v. Masters (1994),69 Ohio St.3d 83. Instead, the trial court granted a conditional change of custody if appellant chose to relocate. The trial court did not err in considering appellee's motion for change of custody in light of appellant's proposed move. See Zinnecker, 133 Ohio App.3d at 378; Snyderv. Snyder (Aug. 6, 2001), Fayette App. No. CA2000-11-029, unreported;Hetterich v. Hetterich (Apr. 9, 2001), Butler App. No. CA2000-06-122, unreported.
Appellant's third assignment of error is overruled on the basis that the court discussed factors in addition to the move itself which support a finding of a change of circumstance. See Clontz v. Clontz (Mar. 9, 1992), Butler App. No. CA91-02-027, unreported. The court noted that the mother fought during the divorce to keep the children in the same house, school and activities. The court also discussed the impact a move would have on the father/child relationship and the burden on the children that travelling long distances for weekend visitation would create.
Appellant's fourth assignment of error is overruled on the basis that the trial court did not abuse its discretion in determining that it would be in the children's best interest to grant custody to appellee if appellant chose to move out of state. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus.
The judgment of the trial court is hereby affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed according to App.R. 24.
Anthony Valen, Judge, Stephen W. Powell, Judge.