OPINION
Defendant-appellant, Patrick S. Elam, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion for a change of custody.
Appellant and plaintiff-appellee, Mary Ann Elam, were divorced on April 16, 1997. At that time, the parties entered into a shared parenting plan for their minor daughter, Molly. The parties were both designated residential parent when the child was in their care, and they agreed to equally share all parenting issues and responsibilities. On June 4, appellant filed a motion to terminate the shared parenting plan. Appellant requested that he be designated the sole residential parent and custodian, and that appellee have visitation rights. The basis for appellant's motion was that appellee had informed him she and Molly were moving to Ann Arbor, Michigan to be with appellee's fiancé. A hearing was held before a magistrate. Appellee was designated as the residential parent and the parties' visitation plan was modified due to appellee's move to Michigan. The trial court adopted the magistrate's decision on August 19, 1999, and appellant did not appeal the decision.
On July 17, 2000, appellant filed a motion to modify custody. He alleged that Molly had requested to move back to Ohio with her father. The court held a hearing and conducted an in camera interview of Molly. The trial court determined that no change of circumstances had occurred since the court's August 19, 1999 decision and denied appellant's motion.
Appellant now appeals the trial court's denial of his motion for a change of custody. Appellant does not specifically state assignments of error in his brief, but instead argues two "issues" for our review which will be construed as assignments of error. Appellant first argues that the trial court erred in finding that no change in circumstance had occurred. Appellant's second issue avers that the trial court erred when it failed to consider the child's request, her best interest and the detrimental effect of the move.
A trial court has broad discretion in custody proceedings and its judgment will not be reversed absent an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.2d 415, paragraph one of the syllabus. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." Id. at 418. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. A reviewing court should be "guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988),37 Ohio St.3d 71, 74.
In determining whether a change of custody is warranted, a court must follow R.C. 3109.04, which provides in pertinent part:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Accordingly, appellant had the burden of proving: (1) a change in circumstances, (2) that the modification of custody is in the child's best interest, and (3) any harm to the child from a modification of the plan is outweighed by the advantages of such a modification. Zinneckerv. Zinnecker (1999), 133 Ohio App.3d 378, 383. In addition, there is a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. R.C.3109.04(E)(1)(a). The intent of the statute is to provide some stability to the custodial status of children and "to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent thought he or she could provide the children a `better' environment." Wyss v. Wyss (1982),3 Ohio App.3d 412, 416.
In this case, the trial court found that there was not a change in circumstances since the time of the August 1999 determination of custody. Although R.C. 3109.04 does not provide a definition of the phrase `change in circumstances,' courts have generally held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh
(2000), 136 Ohio App.3d 599, 604-05, citing Wyss v. Wyss (1982),3 Ohio App.3d 412. The change must be one "of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.2d 415,418; Zinnecker, 133 Ohio App.3d at 385. "The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues that have already been determined by the trial court." Zinnecker, 133 Ohio App.3d at 383. Thus, a modification of a custody order must be based on some fact that has arisen since the prior order or was unknown at the time of the prior order. Id. at 384; R.C.3109.04(E)(1)(a).
Appellant argues that there was substantial evidence to establish a change in circumstances. Specifically, appellant states that the court's interview with Molly and expert testimony from a psychologist that the child would prefer to live with her father support a change of circumstances finding. We disagree. At the time of the August 1999 hearing, Molly expressed a desire to stay with her father. Although there is no transcript of the court's in camera interview with Molly, the court's entry states that the child again expressed a desire to live with her father. Before the August 1999 hearing, Dr. Roberto Madrigal prepared a report in which he stated that Molly wanted to live with her father and that it was his recommendation that appellant be awarded custody for Molly's emotional stability. At the most recent hearing, Dr. Madrigal reiterated the conclusions expressed in his previous report. Thus, the evidence that appellant argues supports a change of circumstances finding is essentially the same as the evidence before the trial court at the August 1999 hearing. Accordingly, we find that the trial court did not err in determining that no change of circumstance had occurred since the prior hearing.
Appellant also argues that the trial court erred in not considering the child's best interest. Because the court must make a threshold determination that a change in circumstance has occurred before weighing the child's best interest, the trial court did not err by failing to consider the best interest of the child. See Zinnecker v. Zinnecker
(1999), 133 Ohio App.3d 378, 383.
Thus, we find appellant's arguments that the trial court erred in denying his motion for a change of custody are without merit. The assignments of error are overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.