This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Riggle, appeals from the judgment of the Wayne County Court of Common Pleas denying his motion to reallocate parental rights and responsibilities. We affirm.
{¶ 2} Previously, this Court reversed the final decision of the trial court and held that there was an abuse of discretion in failing to find a change of circumstances. Riggle v. Riggle (Sept. 26, 2001), 9th Dist. No. 01CA0012. The case was remanded to the trial court to determine whether the modification of parental rights and responsibilities would be in the best interests of the child. Id. at 9. Thereafter, on October 19, 2001, Appellant filed a motion requesting the Magistrate interview the child. An in camera interview of the child was conducted on November 14, 2001.
{¶ 3} The Magistrate denied Appellant's motion for reallocation of parental rights and responsibilities finding that reallocation would not be in the child's best interest. Appellant objected to the decision and filed a memorandum in support of those objections on December 28, 2001. Appellee filed a memorandum in response on January 3, 2002. On February 15, 2002, the trial court overruled Appellant's objections and upheld the Magistrate's proposed decision. Appellant timely filed his appeal on March 13, 2002, raising one assignment of error.
 ASSIGNMENT OF ERROR I {¶ 4} "The trial court's decision to deny [Appellant's] request for the reallocation of parental rights and responsibilities is an abuse of the discretion of the trial court and not in the best interests of the minor child."
{¶ 5} In his sole assignment of error, Appellant asserts that the trial court abused its discretion in failing to find that a reallocation of parental rights and responsibilities would be in the best interests of the child. For the reasons set forth below, we disagree.
{¶ 6} Trial courts have broad discretion in their allocation of parental rights and responsibilities. Graves v. Graves, 9th Dist. No. 3242-M, 2002-Ohio-3740, at ¶ 31, citing Miller v. Miller (1988),37 Ohio St.3d 71, 74. A trial court order allocating parental rights and responsibilities cannot be reversed on appeal in the absence of an abuse of discretion. Riggle, supra, at 3, citing Rowe v. Franklin (1995),105 Ohio App.3d 176, 181. An abuse of discretion is more than an error of law or judgment; "it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Riggle, supra, at 3, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A reviewing court is to afford "`the utmost respect` to the trial court's exercise of discretion because `the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.'" Graves at ¶ 31, quotingMiller, 37 Ohio St.3d at 74.
{¶ 7} Modification of parental rights and responsibilities is governed by R.C. 3109.04(E)(1)(a), which provides in relevant part that: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * *, and that the modification is necessary to serve the best interest of the child * * * and * * * [t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
{¶ 8} Before inquiring into the best interests of the child, the trial court is to first determine whether a change of circumstances, subsequent to the prior court order, exists. Riggle, supra, at 4, citingWyss v. Wyss (1982), 3 Ohio App.3d 412, 414; Zinnecker v. Zinnecker
(1999), 133 Ohio App.3d 378, 383. In the instant case, this Court already determined that changed circumstances are present. Riggle, supra, at 6. Therefore, we may bypass this finding and begin directly with the analysis of the child's best interests.
{¶ 9} R.C. 3109.04(F)(1) sets forth a nonexclusive list of relevant factors the trial court is to consider when determining a child's best interests. We note that no one of these factors is to be given more weight than the others. Graves at ¶ 43. The enumerated factors pertinent to this case include: "(a) [t]he wishes of the child's parents regarding the child's care; (b) * * * the wishes and concerns of the child, as expressed to the court [if the court has interviewed the child]; (c) [t]he child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) [t]he child's adjustment to the child's home, school, and community; (e) [t]he mental and physical health of all persons involved in the situation; (f) [t]he parent more likely to honor and facilitate visitation * * * rights approved by the court; (g) [w]hether either parent has failed to make all child support payments * * *; (i) [w]hether * * * [either parent] has continuously and willfully denied the other parent's right to visitation in accordance with an order of the court; and (j) [w]hether either parent has established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1).
{¶ 10} A thorough review of the record shows that the trial court did not abuse its discretion when it found that the harm likely to be caused by a change of parental environment was not outweighed by any advantage of a change in parental environment. At the hearing, Appellant testified that Appellee interfered with the scheduled visitation and parenting time on several occasions. He also testified that Appellee was physically abusive to the minor child; Appellant stated that the minor child was kicked underneath the eye by Appellee and was sworn at during a recent incident. He testified that a child endangering charge was sought against Appellee as a result of this incident. Additionally, Appellant asserted that the child "[was] always showing up hurt" with bumps and bruises and "she's a little afraid of what goes on up there." Appellant further stated that Appellee suffered uncontrolled depression and subjected the child to frequent moves since the divorce. He asserted the child was moved four times since the divorce and that Appellee was currently considering a move to West Virginia. Lastly, Appellant expressed concern that the child was not living in a healthy environment fit for an adolescent. Appellant stated that Appellee's other children were abusive to his child.
{¶ 11} Appellee put forth contradictory testimony. She testified that she no longer suffered from depression, and that she never abused alcohol. Instead, she asserted that Appellant was the one with a twenty-year addiction to sleeping pills and currently used marijuana. Appellee admitted that she had interfered on five instances with the visitation schedule, but stated that she had done so out of concern for the safety of her child and not as a willful interference with Appellant's scheduled visitation. Appellee also testified that Appellant was physically abusive to herself and her children. She asserted that the child endangering incident was an accidental, reflexive impulse to having been startled by the child when she was sleeping; "I didn't intentionally kick her. I wasn't fully awake." Appellee explained that the charges against her were dismissed upon the completion of a voluntary case plan. Appellee also testified regarding the frequent moves of the child. She stated that although the child was moved four times, it was done so within a three month period after the divorce, while she was in the process of obtaining her current residence. Additionally, Appellee testified that Appellant was behind on several of his child support payments, and was late in obtaining health insurance coverage for the child. Furthermore, Appellee expressed concern that Appellant would move to Arizona and take their child with him.
{¶ 12} Kathy Smith ("Smith"), of the Wayne County Child Services testified at the hearing. Smith asserted that Appellee worked well with the child and set some limits for her. Smith stated that she never observed any other bruises or injuries on the child other than the bruise below her eye. She also testified that Appellee reported a history of "emotional abuse and assaultive behaviors" by Appellant towards Appellee in the presence of the child.
{¶ 13} Lastly, the Magistrate conducted an interview of the child on November 14, 2001. As the Magistrate notes in his decision, the child recalled the incident where she received a bruised eye "but did not express any concern for her future safety or well-being." Furthermore, the Magistrate found that the child was not mature enough to make an election or to allow the court to put significant weight on her responses.
{¶ 14} After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to modify parental rights and responsibilities. Consequently, we find that the evidence adduced at the hearing was sufficient to support the trial court's decision. Accordingly, Appellant's sole assignment of error is overruled.
{¶ 15} Appellant's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
WHITMORE, J. CONCURS